[No. 20576. Department One. July 12, 1927.]

SAM V. ALLINGHAM, *Respondent*, v. LONG-BELL LUMBER COMPANY, *Appellant*.[1]

[1] APPEAL (473)—PREVIOUS DECISION AS LAW OF CASE. The decision on a former appeal that plaintiff was not guilty of contributory negligence, as a matter of law, becomes the law of the case on a subsequent appeal.

[2] DAMAGES (87)—EXCESSIVE DAMAGES—PERSONAL INJURIES—INJURY TO WRIST. A verdict for $3,500 for personal injuries, reduced by the trial court to $2,000, will not be held so excessive as to indicate passion or prejudice, where there was evidence that plaintiff's broken wrist was permanently disabled, and five months after the accident could not be used for writing, and plaintiff sustained other injuries, including possibly, a fracture of the skull, which caused periodical pains.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered June 7, 1926, upon

¹Reported in 257 Pac. 840.

the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Fisk & McCarthy,* for appellant.

*W. H. Sibbald,* for respondent.

MITCHELL, J.—This is a personal injury case. Upon the trial of it to a jury, there was a verdict for the plaintiff in the sum of $3,500. The defendant, Long-Bell Lumber Company, filed a motion for a judgment notwithstanding the verdict and, at the same time, a motion for a new trial, on the grounds of excessive damages appearing to have been awarded under the influence of passion and prejudice and insufficiency of the evidence to justify the verdict and that it is against the law. The trial court granted the motion for judgment notwithstanding the verdict and entered a judgment dismissing the action. Plaintiff appealed. The judgment was reversed, with directions to the superior court to pass upon the motion for a new trial. *Allingham v. Long-Bell Lumber Co.,* 136 Wash. 681, 241 Pac. 298. Thereafter, on the hearing of the motion for a new trial, the superior court granted the plaintiff the option of taking a reduction of the verdict to the sum of $2,000, else a new trial would be granted. The plaintiff elected to take the reduced amount, whereupon the motion for a new trial was denied. Judgment was entered for the plaintiff. The defendant has appealed.

[1] The appellant's first contention is that the weight of the evidence shows that respondent was guilty of contributory negligence. Our former decision in this case, already referred to, reversed the judgment of the trial court because that court held that the respondent was guilty of contributory negligence as a matter of law. That decision settled that question in this case.

The second assignment of error is that the weight of the evidence shows that the main injury respondent claimed to have suffered, and which must have been taken into consideration by the jury in arriving at their verdict, could not possibly have occurred at the time claimed by the respondent and was not the result of any negligence on the part of the appellant. More precisely, the contention is that the broken wrist which respondent claimed was caused by the accident was an injury that the respondent suffered on a prior occasion, for which appellant was in no way responsible. There was some testimony tending to show that the break was an old one, but, to the contrary, there was ample testimony to convince the jury that the injury occurred as claimed and alleged by the respondent. The weight of the evidence, or the finding that was to be made upon such conflict, was a matter for the jury to decide.

[2] The third assignment of error relates to the amount of the verdict which it is said is so excessive that it appears to have been given under the influence of passion and prejudice. The injury to the wrist was classified by some of the physicians as permanent. It was of such sort that, at the time of the trial, some five months after the accident, the respondent could not use it for the ordinary purpose of writing. Besides some minor injuries, he also received a severe wound on his forehead which he testified still caused him periodical pains. There was some division in the opinions of the physicians as to whether it amounted to a fracture that might cause trouble in the future. The jurors who fixed the original amount of the verdict, and the trial judge who reduced it, saw the evidences of the injuries and heard the witnesses testify concerning them and, upon consideration of all the evidence and record in this respect, we are not

disposed to disturb the judgment in the amount to which the verdict was reduced by the trial court nor to direct a new trial.

Affirmed.

MACKINTOSH, C. J., MAIN, FRENCH, and FULLERTON, JJ., concur.